# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF | ) | Case No. BK 18-_____-TLS |
| | ) | |
| ACASS SYSTEMS, LLC | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 552 AND RULE 4001(b) AND (d) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR (A) ENTRY OF AN INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO BIDCO, AND (III) GRANTING RELATED RELIEF, AND (B) SCHEDULING A FINAL HEARING**

COMES NOW ACASS Systems LLC, debtor and debtor-in-possession in the above captioned Chapter 11 bankruptcy case ("Debtor"), and herewith files this motion (the "Motion") pursuant to 11 U.S.C. §§105, 361, 362, 363 and 552 and Fed. R. Bank. P., for (A) entry of an order (i) authorizing the Debtor's use of cash that may comprise cash collateral ("Cash Collateral"), (ii) providing adequate protection to the interests of the Access (as defined below), and (iii) granting related relief and (B) scheduling a final hearing. In support of the Motion, Debtor states and alleges as follows:

### Procedural Background

1. On August 31, 2018 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Nebraska (the "Court").

2. The Debtor remains in possession of its assets and continues to operate as debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

142223188.1

IN THE MATTER OF
ACASS Systems, LLC
Case No. BK 18-
Motion to Use Cash Collateral

3. An Official Committee of Unsecured Creditors has not been appointed in the Bankruptcy Case.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(2)(A).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

### Debtor's Background[1]

7. Debtor's business goes back to 2011. The business was begun and operated by Aaron Cass, CEO, and primarily made and rented stage equipment for entertainment shows.

8. Debtor's assets consist primarily of its rental inventory and equipment. Debtor also has accounts receivable and office furniture and equipment.

9. Debtor has limited ongoing operations, as most employees were laid off prior to the Petition Date.  However, in order to maintain the value of the assets still stored at Debtor's office, Debtor will maintain basic operations through several key employees, including Aaron Cass, Eric Swenson, and Brett Partica.

### Relief Requested

10. Debtor seeks the interim use of Cash Collateral during the period (the "Interim Period") from the Petition Date (as hereinafter defined) through the entry of an order granting the use of Cash Collateral on a final basis (the "Final Order"), unless sooner terminated under the terms of the Interim Order, solely in accordance with the Budget (as defined below) and on the terms set forth in the Interim Order.

---

[1] A more detailed explanation of Debtor's business operations, current issues, and other pertinent information can be found in the *Declaration of Aaron Cass, Chief Executive Officer, In Support Of The Chapter 11 Petition And First Day Pleadings* filed contemporaneously herewith

142223188.1

IN THE MATTER OF
ACASS Systems, LLC
Case No. BK 18-
Motion to Use Cash Collateral

11. The availability to Debtor of sufficient liquidity and other financial accommodations are vital to its ability to preserve the value of Debtor's assets. Debtor requires use of its cash, including any cash that the Bidco (as defined below) may assert is part of its Cash Collateral, to preserve and maintain its assets and property. Absent the ability to use its cash, including Cash Collateral, to preserve and maintain such assets and to facilitate the sale thereof, the value of Debtor' assets, including the Pre-Petition Collateral (as hereinafter defined), will decrease.

12. Authorization to use cash, including any Cash Collateral, is thus (a) critical to Debtor's ability to preserve the value of its assets pending a sale under Section 363 of the Bankruptcy Code, (b) in the best interests of Debtor and its estates, and (c) necessary to avoid immediate and irreparable harm to Debtor, its creditors, and its assets.

**Rule 4001 Of The Rules Of Bankruptcy Procedure**

**I.  The Names Of The Entities Asserting Interests In Debtor's Cash Collateral**

13. Debtor's principal secured creditor[2] is Bizcapital Bidco I, LLC ("Bidco"). Debtor owes Bidco approximately $4.6M in principal and interest (the "Indebtedness") pursuant to two Small Business Administration ("SBA") Notes (the "Notes"), evidenced by two Loan Agreements (the "Loan Agreements") and secured by two Security Agreements the ("Security Agreements")—executed in 2015 and 2017, respectively. UCC-1 Financing Statements were filed for both Security Agreements.

---

[2] Debtor has not completed a review of the relevant documents and reserve all rights and claims regarding same.

2

142223188.1

IN THE MATTER OF
ACASS Systems, LLC
Case No. BK 18-
Motion to Use Cash Collateral

14. Debtor's other secured creditors[3] are Hometown Leasing, DIV Investments, LLC ("DIV") and Allegiant Partners Incorporated. However, none of these parties appear to have perfected secured claims on cash collateral within the meaning of the Bankruptcy Code.

15. These creditors may assert a claim against Debtor's "cash collateral" as such term is defined in Section 363(a) of the Bankruptcy Code.

## II.  The Purpose For The Use Of The Cash Collateral

16. Debtor's Cash Collateral will be used to maintain and preserve the value of Debtor's assets.

17. Debtor will provide monthly reports of Cash Collateral usage which are filed with the CM/ECF system and served on Bidco, as well as on other creditors who have signed up for notification via that system.

## III.  Cash Collateral To Be Used

18. A detailed projection of the Cash Collateral to be used is attached hereto as **Exhibit A** (the "Budget").

## IV.  Adequate Protection Proposal

19. Notwithstanding 11 U.S.C. §552, Bidco's liens and security interests in the Pre-Petition Collateral shall continue to attach to Debtor's post-petition assets of the same kind, including without limitation, whether now owned or hereafter acquired, inventory, equipment, general intangibles, accounts, chattel papers, contract rights and other right to payment, including all substitutions and replacements of the foregoing and the proceeds thereof (the "Post-Petition Collateral).

---

[3] Debtor has not completed a review of the relevant documents and reserve all rights and claims regarding same.

IN THE MATTER OF
ACASS Systems, LLC
Case No. BK 18-
Motion to Use Cash Collateral

20. The Pre-Petition Credit Agreements will remain in full force and effect to the extent they were enforceable and in effect prior to the Petition Date.

### **Relief Requested**

21. Debtor seeks entry of a stipulated interim order (a) authorizing the use of Cash Collateral, (b) providing adequate protection of the interests of the Access, and (c) granting related relief.  Debtor further requests that the Court schedule a final hearing in respect of same. Specifically, Debtor requests authorization to use the Cash Collateral on an interim basis in accordance with the Interim Order, which is attached hereto pursuant to Bankruptcy Rule 4001(d).

22. Debtor will immediately give all parties in interest as required by Bankruptcy Rules 4001 and 9014 notice of this Motion and of the expedited objection deadline as this Court may establish.  Debtor also requests that this Court set a hearing date to consider the use of Cash Collateral on a final basis.

23. Pursuant to the Interim Order, Debtor may use its cash, including any Cash Collateral, during the Interim Period solely for the purposes defined in the Budget (subject to permitted variances set forth more fully in the Interim Order).  The Budget provides for payment of post-petition expenses including costs and expenses necessary to preserve, maintain and protect the Pre-Petition Collateral pursuant to Section 363 of the Bankruptcy Code.

### **Basis For Relief**

24. Section 363(c)(2) of the Bankruptcy Code sets forth the requirements for a debtor's proposed use of cash collateral, and provides, in pertinent part that:

> [t]he trustee [or debtor in possession] may not use, sell, or lease cash collateral … unless –    (A) each entity that has an interest in such cash collateral consents; or (B) the court,

IN THE MATTER OF
ACASS Systems, LLC
Case No. BK 18-
Motion to Use Cash Collateral

> after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(2).[4]  Section 105(a) of the Bankruptcy Code also provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

25. However, in considering whether to authorize the use of Cash Collateral, a court must find that the interests of the holder of the secured claim are adequately protected if they do not consent to such use.  See 11 U.S.C. § 363(e).  The principal purpose of adequate protection is to safeguard the interests of the secured creditor in the collateral against diminution in the value of that interest post-petition.  *See In re 495 Cent. Park Ave. Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992) (stating that the goal of adequate protection is to safeguard the secured creditor from diminution in value of its interest during Chapter 11).

26. There is a great deal of flexibility in terms of what may constitute adequate protection.  *MBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396-97 (10th Cir. 1987).  Ultimately, adequate protection is determined on a case-by-case basis in light of the particular facts and circumstances presented.  *Id.*

27. A list of commonly influential factors in deciding what constitutes adequate protection "is easily derived from prior court decisions on this topic.  Of these factors, the most

---

[4] Section 363(a) of the Bankruptcy Code defines "cash collateral" as:

> [C]ash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property . . . subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title[.]

11 U.S.C. § 363(a).

2

IN THE MATTER OF
ACASS Systems, LLC
Case No. BK 18-
Motion to Use Cash Collateral

prevalent include the sufficiency of the equity cushion, periodic payments, additional liens, or a good prospect of a successful reorganization.

28. The proposed cash expenditures, as outlined in the Budget, are necessary to preserve and maintain the value of the Pre-Petition Collateral and the interests therein of the Bidco and, subject to the ultimate proceeds realized, the estates. If Debtor is precluded from making expenditures necessary to maintain its assets and business, Debtor's value will be diminished, if not destroyed. Such preservation of value provides adequate protection to the Bidco.

## THE NEED FOR IMMEDIATE RELIEF PENDING A FINAL HEARING

29. Pursuant to Bankruptcy Rule 4001(b), a final hearing on a motion to use cash collateral may not be commenced earlier than 14 days after service of such motion. The Court, however, is authorized to conduct an expedited hearing prior to the expiration of such 14-day period and to authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtor's estate. Pursuant to Bankruptcy Rule 4001(b), Debtor requests that the Court (a) authorize the Debtor, pursuant to the terms of the Interim Order, to use Cash Collateral in accordance with the Budget and (b) schedule a hearing to consider approval of the Debtor's use of Cash Collateral on a final basis. If Debtor is unable to obtain the immediate use of Cash Collateral, it will be required to completely shut down its business, resulting in immediate and irreparable harm to the value of its assets.

## NOTICE

30. Notice of this Motion has been provided to the U.S. Trustee, and all parties listed on the consolidated creditor matrix. Debtor submits that no other or further notice need be provided.

IN THE MATTER OF
ACASS Systems, LLC
Case No. BK 18-
Motion to Use Cash Collateral

## CONCLUSION

WHEREFORE, Debtor respectfully requests the Court (A) enter the Interim Order granting the relief requested herein, including (i) authorizing the Debtor's use of cash, including Cash Collateral, pursuant to the terms of the Interim Order (including the Budget), (ii) granting adequate protection, and (iii) granting related relief; (B) scheduling a final hearing; and (C) granting to Debtor such other and further relief as the Court deems just and proper.

**ACASS SYSTEMS, LLC, Debtor,**

By:   */s Patrick R. Turner*
Patrick R. Turner (#23461)
Stinson Leonard Street, LLP
1299 Farnam Street, Suite 1500
Omaha, NE 68102
Tel. No. (402) 342-1700
Fax No. (402) 342-1701
Patrick.turner@stinson.com

AND

Paul M. Hoffmann MO # 31922
Katherine Rosenblatt, MO # 69885
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone:  (816) 842-8600
Facsimile:  (816) 691-3495
Paul.Hoffmann@stinson.com
Katherine.Rosenblatt@stinson.com

PROPOSED COUNSEL FOR THE DEBTOR